IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOEL SOTO,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | MEMORANDUM OPINION AND ORDER<br><br><br><br>Case No. 2:09-CV-68TC |

　　　　A jury convicted Petitioner Joel Soto of one count of possession of fifty grams or more of methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841 (a)(1). The court sentenced Mr. Soto to custody for 151 months to be followed by sixty months of supervised release.

　　　　Mr. Soto has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Soto, initially proceeding pro se,[1] contends that he received ineffective assistance of counsel from his attorney. He raises the following arguments in support of his petition: First, his attorney failed to present evidence that he was addicted to methamphetamine, a fact which, according to Mr. Soto, was the reason he possessed the methamphetamine; second, his attorney failed to object to the testimony of the government's experts; third, the government failed to provide

---

[1] Mr. Soto filed his petition without counsel. The court then appointed counsel to represent Mr. Soto at the evidentiary hearing. Following the hearing, Mr. Soto's attorney filed a motion to amend the petition.

notice of expert testimony as required; fourth, his attorney prevented him from testifying at trial; and, finally, his attorney was ineffective when he failed to file a motion to suppress evidence.

For the reasons set forth below, Mr. Soto's motion to vacate, set aside, or correct his sentence is DENIED.

## ANALYSIS

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

### Failure to Present Evidence that Mr. Soto was Addicted to Methamphetamine

Mr. Soto's claim that his attorney failed to present evidence that he was a user of methamphetamine is simply incorrect. The Tenth Circuit, in affirming Mr. Soto's conviction, noted that because Mr. Soto admitted that he possessed methamphetamine, the only issue at trial was Mr. Soto's intent. The court stated: "Soto's defense at trial was that although he possessed methamphetamine, his possession was only for personal use, and that he had no intent to distribute

the drug." United States v. Soto, 297 F. App'x 752, 754 (10th Cir. 2008).  Moreover, throughout trial, Mr. Soto's counsel made clear that his client possessed the drug for personal use.  In his opening statement, Mr. Soto's attorney told the jury:

> You're going to hear through I think some of their witnesses and perhaps by at least one witness on our behalf about what methamphetamine does to people, what kind of behavior changes it causes, and what kind of effect its use had on Mr. Soto, because he was a user of methamphetamine.  He was an addict in every sense of the word.  And you're going to hear about the tragedy of his life and what the drugs did to him.
>
> (Transcript of trial (Tr.), August 20, 2007, at p. 97, Case No. 2:07-Cr-171.)

Mr. Soto's wife was called by the defense.  She testified in detail about her husband's drug use.  (Id. at 216-230.)  In his closing argument, Mr. Soto's counsel focused on Mr. Soto's alleged drug use: "Beyond that, one thing I think that has got to be clear at this point, and that is Mr. Soto at least was a serious addict and was addicted to and was a heavy, heavy user of methamphetamine." (Id. vol. 2, at 43.)

### Government's Failure to Give Notice of Expert Testimony and Mr. Soto's Attorney's Failure to Object

Mr. Soto argues that the government called two expert witnesses, "Officers Rock Samuals [sic] and Manning" without giving notice as required "by Rule 702." (Petition at 3, 5.)  Mr. Soto raised this issue on direct appeal, though with a slightly different twist.  On appeal, Mr. Soto claimed that the testimony of Officers Samuels and Manning should not have been admitted because they were not qualified as experts.  Now Mr. Soto contends that his attorney was ineffective by failing to object to the testimony.  On appeal, the Tenth Circuit agreed with Mr. Soto that admission of the testimony was improper (the government conceded that fact).  But because the challenged testimony did not affect Mr. Soto's substantial rights, the court did not overturn Mr. Soto's conviction.  Soto, 297 F.

App'x at 754. Mr. Soto is precluded from now raising the issue in a petition for collateral review. United States v. Cook, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993).

### Mr. Soto's Right to Testify at Trial

Mr. Soto's trial attorney, Mark Besendorfer, was the only witness at the evidentiary hearing (Mr. Soto did not testify). The court found Mr. Besendorfer to be a credible and convincing witness. Mr. Besendorfer testified that he had explained to Mr. Soto the risks and benefits if Mr. Soto chose to testify. (Transcript of June 11, 2009 Hearing at 12-13, 16.) According to Mr. Besendorfer, Mr. Soto "was pretty adamant" that he did not want to testify. (Id. at 17.) Mr. Besendorfer denied that he ever told Mr. Soto that he could not testify. (Id. at 17-18.) Mr. Besendorfer elaborated that "I didn't try to dissuade him from testifying, and he didn't insist that he wanted to testify." (Id. at 39.)

Based on the evidence the court heard at trial, the court finds that Mr. Besendorfer did not deny Mr.Soto his right to testify. Mr. Soto made the decision himself, after consultation with Mr. Besendorfer.

### Failure to File a Motion to Suppress Evidence

Mr. Soto was arrested for violating a protective order. During a search of his car incident to his arrest officers found the methamphetamine that was the basis of his subsequent indictment and conviction. Mr. Soto's attorney did not file a motion to suppress evidence found during the search of Mr. Soto's car.

The attorney who represented Mr. Soto at the June 11, 2009 evidentiary hearing filed a motion seeking to amend Mr. Soto's § 2255 petition. In the proposed amended petition, his attorney argued, pointing to the recent decision in Arizona v. Gant, 129 S. Ct. 1710 (2009), that Mr. Soto's trial

attorney was ineffective by failing to file a motion to suppress the evidence. The thrust of the defense argument was that the case law that existed before <u>Gant</u> required that an effective attorney would file a motion to suppress.

The court disagrees. After a careful reading of the case law that governed search incident to arrest at the time Mr. Soto was arrested, the court concludes that Mr. Soto's argument runs afoul of the warning of the Supreme Court that when analyzing claims of ineffective assistance of counsel, a court must make every "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689.

## ORDER

For the foregoing reasons, Mr. Soto's motion to vacate, set aside, or correct his sentence is DENIED.

DATED this 20th day of August, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge